KoG
12/10/18

MJC/2017R00048

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FILED
DISTRICT COURT
DISTRICT OF MARYLAND

2018 DEC 19  PM 5: 28

CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. |
| v. | : | CCB-18-0627 |
| | : | |
| WILLIAM LAMONT HOLDER, | : | (Interstate Transportation of Stolen |
| | : | Property, 18 U.S.C. § 2314; Wire |
| Defendant. | : | Fraud, 18 U.S.C. § 1343; Forfeiture, |
| | : | 18 U.S.C. § 982(a)(2)(A)) |
| | : | |

...oOo...

**INDICTMENT**

**COUNTS ONE THROUGH FIVE**

**(Wire Fraud)**

The Grand Jury for the District of Maryland charges that:

**Introduction**

At all times relevant to this Indictment:

1.      The defendant, **WILLIAM LAMONT HOLDER ("HOLDER")**, was a resident of Hanover, Maryland.

2.      **HOLDER** was the sole owner and operator of Safe Harbour Wine Storage, LLC ("Safe Harbour"), a company incorporated in the state of Maryland with its principal office in Glen Burnie, Maryland.

3.      Safe Harbour was in the business of storing and transporting upscale wines for private collectors and commercial establishments.   In return for a monthly fee and pick-up charge, **HOLDER** would arrange for the transportation of a customer's wine to Safe Harbour's storage facility in Glen Burnie, Maryland, where it would be inventoried and stored.

4.      **HOLDER** promoted his business as way for customers to maintain their

investment in high-end wines by storing their inventory in a secure, climate-controlled warehouse. Safe Harbour frequently provided transportation and storage services to customers outside the state of Maryland.

5.      Pursuant to Safe Harbour's storage agreements, customers were supposed to have access to their inventories in order to add or remove cases of wine.   Such access was subject to a handling fee.   In lieu of traveling to Safe Harbour's storage facility, customers could pay a delivery fee and arrange to have some or all of their wine sent to them.

6.      **HOLDER** did not possess a license to sell wine in the state of Maryland.

7.      In furtherance of Safe Harbour's business, **HOLDER** utilized a facsimile machine assigned telephone number XXX-XXX- 8641.

### The Scheme To Defraud

8.      The defendant devised and intended to devise a scheme and artifice to obtain money and property from the customers of Safe Harbour by means of materially false and fraudulent pretenses and representations, namely, the fraudulent conversion and sale of customers' wine for his own personal financial gain without their knowledge and consent ("the scheme to defraud").

### The Charge

9.      On or about the dates listed below, in the District of Maryland and elsewhere, the defendant,

### WILLIAM LAMONT HOLDER,

for the purpose of executing and attempting to execute the scheme to defraud, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain writings, signs, signals, and sounds, as set forth below:

| COUNT | DATE | WIRE TRANSMISSION | SALE PRICE |
|-------|------|-------------------|------------|
| 1 | 11-16-16 | A fax of a Wine Purchase Letter of Agreement from phone number XXX-XXX-8641 in Glen Burnie, | $22,488.49 |

| | | | |
|---|---|---|---|
| | | Maryland to a wine broker in Napa, California regarding the sale of approximately 141 bottles of wine. | |
| 2 | 12-6-16 | A fax of a Wine Purchase Letter of Agreement from phone number XXX-XXX-8641 in Glen Burnie, Maryland to a wine broker in Napa, California regarding the sale of approximately 366 bottles of wine. | $41,310.83 |
| 3 | 5-9-17 | A fax of a Wine Purchase Letter of Agreement from phone number XXX-XXX-8641 in Glen Burnie, Maryland to a wine broker in Napa, California regarding the sale of approximately 209 bottles of wine. | $14,174.30 |
| 4 | 6-14-17 | A fax of a Wine Purchase Letter of Agreement from phone number XXX-XXX-8641 in Glen Burnie, Maryland to a wine broker in Napa, California regarding the sale of approximately 216 bottles of wine. | $11,800 |
| 5 | 11-29-17 | A fax of a list of wines for sale from phone number XXX-XXX-8641 in Glen Burnie, Maryland to a wine retailer in Washington, D.C. regarding the sale of approximately 92 bottles of wine. | $15,000 |

18 U.S.C. § 1343

## COUNTS SIX THROUGH TEN

### (Interstate Transportation of Stolen Goods)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 7 of Count One are realleged and incorporated by reference as though fully set forth in these Counts.

2.      On or about the dates listed below, in the District of Maryland and elsewhere, the defendant,

### WILLIAM LAMONT HOLDER,

did knowingly and unlawfully transport, transmit, and transfer in interstate commerce from Glen Burnie, Maryland, to the locations listed below, goods, wares and merchandise, that is, fine wines, of the value of $5,000 or more, knowing the same to have been stolen, converted and taken by fraud:

| COUNT | DATE | DESTINATION |
|-------|------|-------------|
| 6 | 11-17-16 | A wine brokerage in Napa, California. |
| 7 | 12-12-16 | A wine brokerage in Napa, California. |
| 8 | 5-11-16 | A wine brokerage in Napa, California. |
| 9 | 6-16-16 | A wine brokerage in Napa, California. |
| 10 | 12-6-16 | A wine retailer in Washington, D.C. |

18 U.S.C. § 2314

**FORFEITURE**

The Grand Jury for the District of Maryland further charges that:

1.      Pursuant to 18 U.S.C. Section 981(a)(1)(C) & (E), 28 U.S.C. Section 2461(c), and 21 U.S.C. § 853(a), upon conviction of an offense in violation of 18 U.S.C. §§ 1343 and 2314 as alleged in Counts One through Ten, the defendant shall forfeit to the United States of America all property, real and personal, which constitutes and is derived from proceeds traceable to the scheme to defraud.

2.      The property to be forfeited includes, but is not limited to, the following:

    a.      A sum of money equal to the value of the property stolen or obtained by the scheme to defraud, which amount is at least $2,333,858.

3.      If any of the property described above, as a result of any act or omission of the defendants:

    a.      cannot be located upon the exercise of due diligence;
    b.      has been transferred or sold to, or deposited with, a third party;
    c.      has been placed beyond the jurisdiction of the court;
    d.      has been substantially diminished in value; or
    e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

18 U.S.C. § 982(a)(2)(A); 28 U.S.C. § 2461(c); Rule 32.2, F.R.Crim.P.

Robert K. Hur
United States Attorney for the
District of Maryland

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

December 19, 2018
Date

5