

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Martin Clarke
Assistant United States Attorney
Marty.Clarke@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4840
MAIN: 410-209-4800
FAX: 410-962-0716

February 12, 2019

Deborah Boardman
Assistant Federal Public Defender
Office of the Federal Public Defender
100 S. Charles St.
Tower II, 9th Floor
Baltimore, MD 21201

    Re:    Discovery Agreement in the Case of
              *United States v. William L. Holder*
              Criminal No. CCB-18-0627

Dear Counsel:

    I write to set forth the conditions on which the Government is willing to make discovery in this case. Under Rule 16 of the Federal Rules of Criminal Procedure, discovery is to be given, "upon request," and I understand that you do request discovery. Therefore, I also request discovery pursuant to Rule 16(b), Rule 26.2 and 18 U.S.C. § 3500.

    The Government will provide discovery pursuant to and as defined in Rule 16, once you have executed this agreement and returned it to our office. All materials discoverable under Rule 16 will be made available as follows:

    1.    Jencks material as defined in 18 U.S.C. § 3500, along with related <u>Giglio</u> material such as witness' plea agreements, criminal convictions and prior inconsistent statements, will be provided no later than one week before trial. <u>Brady</u> material that is not otherwise included in the Rule 16, Jencks, or <u>Giglio</u> material referred to above will be provided if and when discovered. Jencks material is defined for purposes of this agreement in accordance with the specific provisions of 18 U.S.C. § 3500. Jencks material is given on agreement that reciprocal Rule 26.2 material will be provided by you at the same time we provide Jencks material.

    2.    The Government agrees that at the same time that it provides Rule 16 material, it will provide notice of the existence of alleged other crimes, wrongs or acts committed by your client pursuant to Rule 404(b) of the Federal Rules of Evidence, along with copies of all physical and documentary evidence believed by the Government to fall within the ambit of Rule 404(b) that the Government intends to introduce at trial in its case-in-chief. The Government acknowledges its continuing duty to disclose Rule 404(b) evidence as it is recognized as such after the time period in which the Government has provided Rule 16 material. Therefore, the

Government reserves its right to provide notice of its intent to introduce Rule 404(b) evidence after it has provided Rule 16 materials to you.

3. The Government reserves the right to provide later notice of Rule 404(b) if the Government believes that disclosure of such information will pose a security risk to any witness. As to any such witness, the Government will disclose all Jencks material and all Rule 404(b) evidence at the same time. The Government reserves the right to delay disclosure of Jencks and Giglio where it would pose a security risk to a witness. If the Government determines such a risk exists, it will seek an *ex parte* protective order from the Court that includes a date for disclosure.

4. **All discovery is provided on the condition that counsel will not give copies of this material to the client or to anyone outside counsel's office, absent prior approval of this Office.** Counsel may of course review this material with the client at any time or place, and may provide copies to any expert consulted by the defense. If copies are provided to an expert, defense counsel must instruct the expert that further disclosure of the documents is prohibited absent prior approval of this Office.

5. Should counsel file any routine motion with the Court that seeks discovery pursuant to Rule 16 or Brady, then this discovery agreement will be void, and the Government is not bound by any of the provisions herein. Specifically, Jencks and Giglio material may not be provided until the first day of trial if the defendant should file such a motion.

6. Should counsel file any motion with the Court that seeks material under the Jencks Act, then this agreement is void and Jencks and Giglio material may not be provided until the first day of trial.

7. The Government may be providing, as a courtesy, material that is not discoverable under Rule 16, Jencks, Giglio, or Brady. The fact that certain non-discoverable materials are provided in no way obligates the Government to provide all non-discoverable materials, and the fact that certain non-discoverable materials are provided should never be taken as a representation as to the existence or non-existence of any other non-discoverable materials.

Please indicate your consent to this discovery agreement by signing and returning to us a copy of this letter. We urge you to call or write with any questions that arise, as we may be able to resolve any questions without the filing of motions and responses with the Court.

Very truly yours,

Robert K. Hur
United States Attorney

By: _____
Martin J. Clarke
Assistant United States Attorney

AGREED:

_____      2/12/19
Deborah Boardman, Esq.                                  Date
Counsel for Defendant